Filed 8/5/26  P. v. Walker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW BLAKE WALKER,<br><br>    Defendant and Appellant. | D085226<br><br><br>(Super. Ct. No. SCD282520) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed in part and reversed in part with instructions.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Donald W. Ostertag and Anne Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

A jury convicted Andrew Blake Walker of misdemeanor assault against his ex-wife. After trial, the trial court issued a criminal protective order (CPO) barring Walker from contacting his ex-wife and their two minor children. The CPO also included a pretrial order prohibiting Walker from dissuading the victim or witnesses from attending court hearings. The order, however, left unselected an option that would allow exceptions for future juvenile, family, or probate court orders "for the safe exchange of children and court-ordered visitation." On appeal, we agree with the People's concessions that the CPO should not include Walker's children as protected parties, and it should not have included the pretrial provision regarding the dissuading of witnesses. We also agree with Walker that the lack of any exceptions for future orders from other courts does not reflect the trial court's oral ruling. We therefore partially vacate the CPO and modify it accordingly. We otherwise affirm the judgment.

## II. BACKGROUND

The San Diego County District Attorney's Office charged Walker with corporal injury to a spouse[1] (Pen. Code,[2] § 273.5, subd. (a); count 1), sexual penetration by force (§ 289, subd. (a); count 2), false imprisonment (§§ 236, 237, subd. (a); count 3), forcible oral copulation, (§ 287, subd. (c)(2)(A); count 4), two counts of spousal battery (§ 243, subd. (e)(1); counts 5 & 7); and assault by means likely to cause great bodily injury (§ 245, subd. (a)(4); count 6).

---

[1]    Walker and the victim were married at the time of the charged offenses but have since divorced.

[2]    All further undesignated statutory references are to the Penal Code.

A jury acquitted Walker of all charges except for misdemeanor assault (§ 240) as a lesser included offense of count 6. The trial court sentenced Walker to 180 days in custody with credit for time served.

The trial court issued a CPO prohibiting Walker from contacting the victim and their two minor children for 10 years. The CPO is a mandatory judicial council form, and the minor children are named as additional protected persons in item 3 of the form.

The trial court also checked item 9 in the CPO, preventing Walker from dissuading victims or witnesses from attending court hearings. Item 9 is "for pretrial orders issued under Penal Code section 136.2(a)(1)."

The trial court declined to check item 14 in the CPO, which authorizes exceptions to the no-contact order for the safe exchange of children or court-ordered visitation pursuant to an existing or future family, juvenile, or probate court order. The trial court explained, "I'm going to let the family court deal with it. I'm not going to get into that at this point. [¶] . . . [¶] This situation has so many twists and turns and issues. . . . [¶] . . . I don't want to go there at this point, . . . [s]o I think they need to go back and see the family court judge." Walker's timely notice of appeal followed.

### III. ANALYSIS

Criminal protective orders are governed by section 136.2; the trial court may issue a pretrial order under subdivision (a) of the statute, which does not survive after final judgment is rendered. (*People v. Lopez* (2022) 75 Cal.App.5th 227, 236.) On the other hand, section 136.2, subdivision (i) authorizes posttrial orders if the defendant has been convicted of a qualifying offense, including those involving domestic violence. (*Lopez,* at pp. 236–237.) In a postconviction order, the court may bar the defendant from contacting "a victim of the crime," (§ 136.2, subd. (i)(1)) or "a percipient witness to the

3

crime" (*id.*, subd. (i)(2)).  (See *People v. Walts* (2025) 112 Cal.App.5th 127, 143.)

The trial court issued the challenged CPO after trial.  The parties are therefore correct that the trial court erred by entering a pretrial order under item 9.

The parties are also correct that the trial court should not have included Walker's children as protected parties under the CPO.  The jury convicted walker of assault on his ex-wife, which is a qualifying domestic violence offense.  (§ 136.2, subd. (i)(1); Fam. Code § 13700, subds. (a) & (b).)  However, nothing in the record indicates that Walker's children were victims or percipient witnesses of that crime.  (*People v. Lopez, supra,* 75 Cal.App.5th at p. 237 [children who were present during domestic violence event, but asleep, did not qualify as victims or percipient witnesses under § 136.2, subd. (i)].)  As such, there was no basis to include Walker's children as protected parties.

Finally, the trial court expressed its intention to "let the family court deal with" any potential exceptions to its no-contact order.  However, the trial court did not select item 14(b), which would allow an exception for future orders from another court.  The CPO therefore does not match the trial court's stated ruling.

Based on the foregoing, we modify items 3, 9, and 14 of the CPO to remove the pretrial order, remove the children as protected persons, and authorize an exception for future orders from a family, juvenile, or probate court regarding exchange of the children or court-ordered visitation.

4

## IV. DISPOSITION

Items 3, 9, and 14 of the CPO are vacated. The trial court shall issue an amended CPO in which (1) the children are not listed as protected persons in item 3; (2) the pretrial order in item 9 is deleted; and (3) there is an exception to the CPO under item 14(b). The judgment is otherwise affirmed.


RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.

5